Original

1  HUNTON & WILLIAMS LLP
   LAURA M. FRANZE (SBN 250316)
2  lfranze@hunton.com
   550 South Hope Street, Suite 2000
3  Los Angeles, California 90071-2627
   Telephone: (213) 532-2000
4  Facsimile: (213) 532-2020

5  HUNTON & WILLIAMS LLP
   mbrettburns@hunton.com
6  M. Brett Burns (SBN 256965)
   575 Market Street, Suite 3700
7  San Francisco, California 94105
   Telephone: (415) 975-3700
8  Facsimile: (415) 975-3701

9  Attorneys for Defendants



10

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13

14  THE ASSOCIATION OF LATE-DEAFENED        CV11        0366
    ADULTS, INC., LINDA DRATTELL,
15  RICHARD RUTHERFORD, on behalf of        Case No.
    themselves and all others similarly situated,
16                                          **DEFENDANTS' NOTICE OF REMOVAL
        Plaintiffs,                         OF ACTION**
17
        v.
18

19  CINEMARK HOLDINGS, INC., a Delaware
    corporation; ANTHONY TAN, ROCKY YIP,
20  DALE GARVEY, and DOES 1 through 100,

21      Defendants.

22

23

24

25

26

27

28

_____
                NOTICE OF REMOVAL OF ACTION

**Hunton & Williams LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1    **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

2    **NORTHERN DISTRICT OF CALIFORNIA:**

3    **PLEASE TAKE NOTICE** that Defendants Cinemark Holdings, Inc. ("Cinemark"),

4    Anthony Tan, Rocky Yip, and Dale Garvey (collectively "Defendants") hereby remove this class

5    action lawsuit to this Court, pursuant to 28 U.S.C. §§ 1331 and 1441, and respectfully show that

6    removal jurisdiction exists as a result of a federal question, and supplemental jurisdiction exists over

7    Plaintiffs' state law cause of action.[1] Alternatively, and independently, Cinemark removes this class

8    action lawsuit to this Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et*

9    *seq.* In support thereof, Defendants state as follows:

10    **I. PROCEDURAL BACKGROUND**

11    1.    On or about November 30, 2010, Plaintiffs Association of Late-Deafened Adults,

12    Inc., Linda Drattell, and Richard Rutherford ("Plaintiffs") filed a Complaint for Discrimination

13    Against People with Disabilities, alleging a putative class action against Defendants ("Original

14    Complaint"), in which Plaintiffs raised federal and state accessibility law claims and sought

15    injunctive relief in Alameda County. The case is styled *Association of Late-Deafened Adults, et al.*

16    *vs. Cinemark Holdings, Inc., et al.* (the "Class Action"), Case No. RG10548765, and is currently

17    pending in the Superior Court for the State of California, County of Alameda. Pursuant to 28 U.S.C.

18    § 1446(a), true and correct copies of the Summons, Original Complaint, Civil Case Cover Sheet, and

19    Proof of Service of Summons are attached hereto as Exhibit A.

20    2.    On December 6, 2010, Plaintiffs served the Summons and Original Complaint on

21    Defendants by mail, pursuant to California Code of Civil Procedure § 415.30. Defendants executed

22    the written acknowledgement of receipt of the summons, dated December 26, 2010, and returned the

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

---

24    [1] Cinemark Holdings, Inc. files this notice of removal subject to and without waiving its

25    position that it is not a proper defendant. Cinemark Holdings, Inc. will notify Plaintiffs that it will
not object to an amendment dismissing Cinemark Holdings, Inc. and adding the proper corporate

26    defendant(s). Furthermore, by filing this notice of removal, Cinemark does not waive any claim that
individual defendants Tan, Yip, and Garvey have been misjoined or fraudulently joined, and that

27    they are not subject to individual liability under federal or state accessibility laws. Likewise, by

28    filing this notice of removal, individual defendants Tan, Yip, and Garvey do not waive any defense
that they are not subject to individual liability under federal or state accessibility laws.

1

NOTICE OF REMOVAL OF ACTION

1 written acknowledgement the following day, December 27, 2010, thereby completing formal
2 service.

3    3.    On December 22, 2010, Plaintiffs filed a First Amended Complaint for
4 Discrimination Against People with Disabilities ("First Amended Complaint" or "FAC"), in which
5 they alleged for the first time a putative class action seeking statewide injunctive relief and damages
6 for a statewide class of individuals.[2] Plaintiff served the Summons and FAC on Defendants by first
7 class mail, and service was completed, pursuant to a written acknowledgement, on January 6, 2011.
8 Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and First Amended
9 Complaint are attached hereto as Exhibit B.

10    4.    Defendants also attach hereto true and correct copies of the Notice of Hearings
11 entered by the state superior court on December 1, 2010; the Tentative Ruling entered by the state
12 superior court on January 13, 2011, designating the Class Action as complex; and the Order entered
13 by the state superior court on January 13, 2011, designating the Class Action as complex, as Exhibits
14 C through E, respectively.

15    5.    On January 25, 2011, Defendants filed its Answer to Plaintiffs' FAC. A true and
16 correct copy of Defendants Cinemark Holdings, Inc., Anthony Tan, Rocky Yip, and Dale Garvey's
17 Answer to Plaintiffs' First Amended Complaint is attached hereto as Exhibit F. Upon information
18 and belief, there have been no other proceedings in the Class Action.

19    6.    As explained below, the Class Action is one that may be removed to this
20 Court pursuant to 28 U.S.C. § 1441(b) because Defendants have satisfied the procedural
21 requirements and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.
22 § 1331, as well as independent grounds under 28 U.S.C. § 1332(d).

23    **II. FEDERAL QUESTION JURISDICTION**

24    6.    Removal is proper under 28 U.S.C. § 1331, as a result of federal questions raised by
25 Plaintiffs' Original Complaint. Specifically, Plaintiffs seek relief under the Americans with
26 Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (Original Complaint at ¶¶ 10, 85-91; FAC at ¶¶

27

28    ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
   [2] Because Defendants had not filed an answer to Plaintiffs' Original Complaint, Plaintiffs
   filed the FAC as a matter of right.

2

1  10, 84-90). Federal courts have original subject matter jurisdiction of actions brought under the

2  ADA.

### III. SUPPLEMENTAL JURISDICTION

4  7.  This Court has supplemental jurisdiction of the Plaintiffs' state law claims for

5  accessibility violations under the California Unruh Act and Disabled Persons Act, pursuant to 28

6  U.S.C. § 1367 and 1441(c), because the same conduct or occurrences claimed as the basis for

7  Plaintiffs' federal claims also purportedly give rise to their state law claims. (*See* Original

8  Complaint. at ¶¶ 10, 27-58, 61, 92; FAC at ¶¶ 10, 26-57, 60, 91).

### IV. CAFA REMOVAL IS PROPER BECAUSE THIS

### COURT HAS SUBJECT MATTER JURISDICTION

7.  The Class Action is a civil action over which this Court has original jurisdiction

12  pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005)

13  (codified as 28 U.S.C. §§ 1332(d), 1453, 1711-1715). Pursuant to CAFA, federal courts have

14  original jurisdiction over a class action if: (i) the primary defendants are not states, state officials, or

15  other governmental entities; (ii) it involves 100 or more putative class members; (iii) any class

16  member is a citizen of a state different from any defendant; and (iv) the aggregated amount in

17  controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d); *See*

18  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007).

19  8.  As set forth below, this is a putative class action in which: (i) Cinemark is not a

20  governmental entity; (ii) there are allegedly "tens of thousands of individuals and members" in

21  Plaintiffs' proposed class; (iii) Plaintiffs and the members of the putative class have a different

22  citizenship than Cinemark; and (iv) the claims of the proposed class members exceed the sum or

23  value of $5 million in the aggregate, exclusive of interest and costs. Thus, alternatively, this Court

24  has subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d).

25  **A.  Cinemark Is Not A Governmental Entity.**

26  9.  Cinemark is a public company incorporated in the State of Delaware and with its

27  principle place of business in Plano, Texas. FAC at ¶ 15. Cinemark is not a state, state official, or a

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1 governmental entity.[3]

2 **B. This Is A Class Action Consisting Of More Than 100 Members.**

3     10.    Plaintiffs propose a class consisting of "all individuals with hearing loss who desire to

4 seek to attend movies at Cinemark theaters in California." FAC at ¶ 58. As Plaintiffs estimate in

5 their FAC, this class consists of "tens of thousands of individuals." FAC at ¶ 59. Accordingly, the

6 proposed class exceeds 100 members.

7 **C. The Diversity Of Citizenship Requirement Is Satisfied.**

8     11.    Plaintiffs Linda Drattell and Richard Rutherford are individuals who reside in the

9 State of California. FAC at ¶¶ 13-14. They further seek to represent a class of individuals who

10 "seek to attend movies at Cinemark theaters in California." FAC at ¶ 58. Accordingly, for

11 jurisdictional purposes, Plaintiffs are resident of the State of California, as are putative class

12 members.

13     12.    Cinemark is a corporation that is incorporated in the State of Delaware. FAC at ¶ 15.

14 Moreover, Cinemark's principal place of business is not California. Rather, Cinemark's

15 headquarters are located in Plano, Texas. FAC at ¶ 15. Furthermore, Cinemark does business in 39

16 states. FAC at ¶ 16. Cinemark operates 294 theaters in the United States, with 61 in California.

17 FAC at ¶¶ 16, 19. Accordingly, for removal purposes, Cinemark is not a citizen of California. The

18 requisite diversity of citizenship, therefore, exists. *See* 28 U.S.C. § 1332(c)(1) & (d)(2)(A).

19 **D. The Amount In Controversy Requirement Is Satisfied.**

20     13.    Plaintiffs have alleged causes of action pursuant to the California Unruh Act (Civil

21 Code § 51, *et seq.*), California Disabled Persons Act (Civil Code § 54, *et seq.*), the Americans with

22 Disabilities Act, and the Business and Professions Code § 17200, *et seq.* FAC at ¶¶ 11-30.

23 Plaintiffs seek, among other things, statutory damages as set forth in California Civil Code § 52, or

24 alternatively California Civil Code § 54.3, as well as attorney's fees and costs authorized by law. As

25 set forth below, Plaintiffs' allegations establish that there is more than $5 million at issue.

26

27     [3] Furthermore, the individually named Defendants, who are not primary defendants, are not

28 state officials. Rather, they are general managers at movie theater multiplexes in California. FAC at ¶¶ 20-22.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

14. Plaintiffs allege that Cinemark has failed to provide captioning of its first-run movies in its California theaters. FAC at ¶ 5. Plaintiffs claim that this alleged failure to provide captioning results in a violation of, among other things, the California Unruh Act. FAC at ¶¶ 69-77. For violation of the Unruh Act, Plaintiffs claim entitlement to "statutory damages pursuant to Civil Code § 52" for each class member. FAC at ¶ 76. Under the Unruh Act, Plaintiffs seek no "less than four thousand dollars ($4,000)" for each class member. Cal. Civ Code § 52(a).

15. Plaintiffs propose a class consisting of "all individuals with hearing loss who desire to seek to attend movies at Cinemark theaters in California." FAC at ¶ 58. As Plaintiffs estimate in their FAC, this class consists of "tens of thousands of individuals." FAC at ¶ 59. Thus, pursuant to the face of Plaintiffs' FAC, Plaintiffs seek, at least, $40,000,000 in statutory damages (10,000 x $4,000 = $40,000,000). This aggregate amount satisfies CAFA's amount in controversy requirement. *See Serrano*, 478 F.3d at 1021; *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005) ("According to the Report of the Senate Committee on the Judiciary on CAFA, the requirement under CAFA that the amount in controversy exceed $5,000,000 in the aggregate may be established 'either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)'") (quoting S. Comm. on the Judiciary, Class Action Fairness Act of 2005, S. Rep. No. 109-14, at 42 (Feb. 28, 2005)).

16. Further, Plaintiffs seek attorney's fees, which are properly included when calculating the CAFA $5 million exposure threshold. *Rippee*, 408 F. Supp. 2d at 984 (CAFA amount in controversy includes attorney's fees).

17. All told, when Plaintiffs' claims for statutory damages and attorney's fees are taken into account, it is certain that the amount in controversy in this case exceeds $5 million based on Plaintiffs' pleadings.

18. Based on the foregoing, it is evident that the jurisdictional amount in controversy requirement is met and removal to this Court is proper under CAFA.

NOTICE OF REMOVAL OF ACTION

1

## V. PROCEDURAL REQUIREMENTS

2  19.  In accordance with the provision of 28 U.S.C. § 1446(a), copies of all process,

3  pleadings, and orders in the state court action, as well as the Register of Actions, are attached as

4  Exhibit G.

5  20.  This removal complies with all applicable time limits because it is being filed within

6  thirty (30) days or less of Defendants being served with Plaintiffs' Original Complaint. 28 U.S.C.

7  § 1446(b).

8  21.  In accordance with 28 U.S.C. § 1446(d), Defendants are serving written notice upon

9  Plaintiffs and will promptly file a copy of this Notice of Removal with the Clerk of the Superior

10  Court for the State of California, County of Alameda.

11  22.  Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and

12  division embrace the place in which the removed action has been pending.

13  23.  All Defendants consent to the removal of this action.

14  24.  Contemporaneously with this Notice, Defendants will file a Certification of Interested

15  Entities or Persons, pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 3-16(b) of the

16  United States District Court for the Northern District of California.

17  25.  In accordance with the Local Rule 3-2(a), a completed civil coversheet is being filed

18  contemporaneously with this Notice, and additional copies are attached to this Notice as Exhibit H.

19  **WHEREFORE,** Defendants hereby remove this Class Action from the Superior Court of the

20  State of California, County of Alameda to this Court, pursuant to 28 U.S.C. § 1441(b).

21  DATED: January 25, 2011                              HUNTON & WILLIAMS LLP

22

23  By: _Laura M. Franye_ MBB

24                                                      LAURA M. FRANZE
                                                        M. BRETT BURNS
25                                                      Attorneys for Defendants
                                                        CINEMARK HOLDINGS, INC., *et al.*

26

27

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Exhibit A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Cinemark Holdings, Inc., Anthony Tan, Rocky Yip, Dale Garvey, and
Does 1 -10.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

The Association of Late-Deafened Adults, Inc., Linda Drattell, Richard
Rutherford, on behalf of themselves and all others similarly situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

NOV 3 0 2010

CLERK OF THE SUPERIOR COURT
M. Hayes
Deputy

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda County Superior Court

1225 Fallon Street, Room 109, Oakland, CA 94612

**CASE NUMBER:**
*(Número del Caso):* **10548765**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin Knestrick, Disability Rights Advocates 2001 Center Street Fourth Floor, Berkeley, CA 94704

| DATE: *(Fecha)* | NOV 3 0 2010 | Clerk, by *(Secretario)* | Pat S. Sweeten  M. Hayes | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Cinemark Holdings,Inc.; Mr Anthony Tan, Mr Rocky Yip, Dale Garvey and Does 1-10

under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☑ other *(specify):* Corporate Managers

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

*9070048*

1  SID WOLINSKY (California Bar No. 33916)
   KEVIN KNESTRICK (California Bar No. 229620)
2  Disability Rights Advocates
   2001 Center Street, Fourth Floor
3  Berkeley, California 94704-1204
   Telephone:     (510) 665-8644
4  Facsimile:     (510) 665-8511
   TTY:           (510) 665-8716
5  Email:         general@dralegal.org

6  LAW OFFICE OF JOHN F. WALDO
   151 Finch Pl. SW Ste. C
7  Bainbridge Island, WA 98110
   Telephone:    (206) 842-4106
8
9  Attorneys for Plaintiffs

**FILED**
ALAMEDA COUNTY

NOV 3 0 2010

CLERK OF THE SUPERIOR COURT
BY _____
                DEPUTY

10           IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

11                         COUNTY OF ALAMEDA

12

13

14  **THE ASSOCIATION OF LATE-**          Case No. **RG10548765**
    **DEAFENED ADULTS, INC., LINDA**
15  **DRATTELL, RICHARD RUTHERFORD,**     **CLASS ACTION**
    on behalf of themselves
16  and all others similarly situated,    **COMPLEX LITIGATION**

17                Plaintiffs,             **COMPLAINT FOR DISCRIMINATION**
                                          **AGAINST PEOPLE WITH**
18  v.                                    **DISABILITIES: CALIFORNIA CIVIL**
                                          **CODE §§ 51, 52; CALIFORNIA CIVIL**
19                                        **CODE § 54.3; AND THE AMERICANS**
    **CINEMARK HOLDINGS, INC., a**        **WITH DISABILITIES ACT 42 U.S.C. §**
20  Delaware Corporation, ANTHONY TAN,    **12101,** *et seq.*
    **ROCKY YIP, DALE GARVEY, and DOES**
21  **1 -10.**

22                Defendants.

23

24

25

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    **INTRODUCTION**

2    1.  This is a class action suit brought on behalf of men and women with severe hearing

3    loss. The suit is brought to end on-going discrimination by defendant Cinemark Holdings, Inc.

4    ("Cinemark") because of its refusal to screen any captioned films at its theaters in Alameda

5    County.

6    2.  Over two-thirds (2/3) of Americans attend movies each year. Yet without some

7    form of captioning, countless seniors and those with hearing loss, cannot enjoy a trip to the

8    movies because they are unable to hear or understand the dialog.

9    3.  Captioning displays dialogue in writing that is synchronized with the film.

10   Closed captioning displays text only to those requesting it and is not seen by the entire audience.

11   Closed captioning facilitates a complete movie experience for patrons with hearing loss without

12   affecting the movie experience of other movie goers.

13   4.  Closed captioning is readily available and affordable to theater owners and

14   operators.

15   5.  Cinemark, which is the third largest theater operator in the United States, refuses

16   and has consistently refused to provide captioning for any movie, on any screen, at any time, at

17   any of its theatres in Alameda County.

18   6.  To make captioning possible, a computer disk is distributed with the movie and is

19   furnished without charge to theatres. To display captioning, the theatres must only pay the

20   onetime expense of installing captioning equipment.

21   7.  The cost per theatre of such equipment for 35mm movies using film is less than

22   $10,000.00.

23   8.  Cinemark has the highest growth in total revenue among the three (3) largest

24   motion picture distributors in the United States. Cinemark operates four (4) theatres in Alameda

25   County.

26   9.  By failing to provide captioned movies Cinemark deprives people with hearing

27   loss in Alameda County of the opportunity to participate in a major part of mainstream American

28   life.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA, 94704-1204
(510) 665-8644

1      10.    Cinemark's refusal to provide the relatively inexpensive technology and

2 equipment necessary to screen closed captioned films in the County violates the Unruh Civil

3 Rights Act, California Civil Code sections 51 and 52, which prohibits discrimination on the basis

4 of disability. Cinemark's conduct also violates the Disabled Persons Act, California Civil Code

5 section 54.3. Further, Cinemark's conduct violates the Americans with Disabilities Act

6 ("ADA"), 42 U.S.C. §12182 *et seq.*, which specifically requires that a places of public

7 accommodation, such as a "motion picture house" provide the auxiliary aids and services

8 necessary to ensure that no individual is excluded, denied services, segregated or otherwise

9 treated differently than others because of the absence of auxiliary aids and services.

10 **PARTIES**

11      11.    Plaintiff ALDA is a national organization representing late-deafened adults,

12 individuals who have suffered hearing loss and the ability to understand spoken speech later in

13 life. ALDA is a non-profit corporation duly organized under the laws of the State of Illinois.

14 ALDA's principal place of business is in Rockford, Illinois. ALDA maintains several regional

15 and local groups and chapters across the United States, including one located in San Jose,

16 California.

17      12.    ALDA has a threefold purpose: to advocate for the needs and desires of late-

18 deafened individuals; to educate individuals, governments and corporations about late-in-life

19 hearing loss; and to provide a support network for adults adjusting to serious hearing loss after

20 having developed verbal language skills. ALDA sues on behalf of its members with hearing loss

21 in who desire to see closed captioned movies in Alameda County.

22      13.    Linda Drattell is an individual with a disability under all applicable statutes. Ms.

23 Drattell has severe bilateral hearing loss. Ms. Drattell resides in Pleasanton, Alameda County

24 and is a member of the ALDA-San Jose group.

25      14.    Richard Rutherford is an individual with a disability under all applicable statutes

26 due to his hearing loss. Mr. Rutherford resides in El Cerrito, Contra Costa County.

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    15.    Defendant Cinemark Holdings, Inc. is a public company whose stock is traded on

2  the New York Stock Exchange under the symbol "CNK." It is incorporated under the laws of

3  the State of Delaware, with its principle place of business in Plano, Texas.

4    16.    Cinemark is the third largest theater operator in the United States with 294

5  theaters and 3,830 screens in 39 states.

6    17.    For the year ending December 31, 2009, Cinemark's revenues grew 13.4% to

7  $1,976,500,000.

8    18.    Over the last three fiscal years, Cinemark has grown its total revenue per patron at

9  a compound annual growth rate of 6.8%, the highest among the three largest motion picture

10  exhibitors in the United States.

11    19.    Cinemark operates the following theaters in Alameda County:  Century 16

12  Bayfair in San Leandro, California (hereafter "Bayfair Theater"); Century Theatres at Hayward

13  in Hayward, (hereafter "Hayward Theater"); Cinedom 7 Newark in Newark, California

14  (hereafter "Newark Theater"); and Century 25 Union Landing and XD in Union City, California

15  (hereafter "Union City Theater").

16    20.    Defendant Anthony Tan is the general manager of the Bayfair Theater.

17    21.    Defendant Rocky Yip is the general manager of the Hayward Theater.

18    22.    Defendant Dale Garvey is the manager of Union City Theater.

19    23.    Each named Defendant manager is sued in his individual capacity.

20    24.    Defendant DOE 1 is the manager of the Newark Theater.

21    25.    Defendant DOE 1 is a person or entity whose true name and capacities are

22  unknown to Plaintiffs, who therefore sue them by their fictitious name. Plaintiffs are informed

23  and believe, and on that basis allege, that the fictitiously named Defendant perpetrated or is

24  responsible for some or all of the wrongful acts and omissions alleged herein. Plaintiffs will

25  seek leave of court to amend this complaint to state the true name and capacities of such

26  fictitiously named Defendant if and when they are ascertained.

27  //

28  //

1    26.    At all times mentioned herein, each Defendant was the agent or employee of the

2  other Defendants and was acting within the course and scope of such agency or employment.

3  The Defendants are jointly and severally liable.

4                              **GENERAL ALLEGATIONS**

5    27.    The development of captioning technology over the past decade has made the

6  provision of discreet or hidden captions each to accomplish through the Rear Window

7  Captioning ("RWC") system easy to accomplish.

8    28.    The RWC system was developed in the early 1990s. It is a proprietary technology

9  licensed and sold by the Media Access Group at WGBH public television station in Boston.

10    29.    Through a service called Motion Picture Access or MoPix, the Media Access

11  Group contracts with movie studios to prepare captions for films on a computer disc.  Movie

12  studios then distribute the computer discs containing the captions to movie theaters at the same

13  time the movies studios distribute the film.

14    30.    Approximately 80% of the first-run movies released by the major studios are

15  captioned using the MoPix Service.

16    31.    The caption discs are furnished without charge to the theaters. In order to display

17  captions, the theaters must pay the one-time expense of installing the necessary captioning

18  equipment.

19    32.    The cost per theater of installing equipment to display RWC captions for 35

20  millimeter movies using film is approximately $10,000.

21    33.    The RWC system can be used without the need for special prints or separate

22  screening of films.

23    34.    The RWC system works by displaying reversed captions on a light-emitting diode

24  ("LED") text display that is mounted in the rear of a theater.

25    35.    Using RWC equipment, a movie theater can play a computer disc that is

26  distributed with the movie, in synchronization with the film, and the captions are made visible

27  only to patrons who use a small reflector screen attached to their seat.

28    36.    The screens are portable, adjustable and simple to use.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1      37.     The seat-mounted acrylic reflector mounts onto the drink holder or on the seat

2   arm, while the freestanding reflector is placed beside the viewer's seat.

3      38.     The portability of the reflectors enables the movie patron to sit anywhere in the

4   theater.

5      39.     Hearing loss is among the most prevalent conditions which constitute a disability;

6   more than 28 million Americans have some degree of hearing loss.

7      40.     Hearing loss is highly correlated with age. Fifteen percent (15%) of the

8   population has hearing loss in the age group 50-59; thirty one percent (31%) of those between

9   the ages of 60-69 have hearing loss.

10     41.     The most common form of hearing loss is high-frequency sensor neural hearing

11   loss. The human voice is composed of both high-frequency (consonants) and low-frequency

12   (vowel) sounds. Individuals with high-frequency hearing loss can often hear a speaker's voice

13   but cannot understand what is being said because he or she cannot hear higher-frequency

14   consonant sounds. Higher-frequency consonant sounds shape and give meaning to speech.

15     42.     Captioning is the only way that a substantial portion of the population of people

16   with significant hearing loss can participate in the experience of movie-going.

17     43.     Closed captioning, which Plaintiffs seek here, displays the text only to those

18   requesting it and not to the entire audience.

19     44.     In *Arizona ex. Rel. Goddard v. Harkins Amusement Enterprises*, 603 F.3d 666

20   (9th Cir. 2010), the Ninth Circuit clearly indicated that closed captioning technology is a valid

21   "auxiliary aid" which is specifically mandated by the ADA.

22     45.     Despite this controlling opinion, Defendants have knowingly and intentionally

23   ignored their legal obligation to provide closed captioning in its theaters for patrons with hearing

24   loss.

25     46.     Because Defendants have not complied with their legal obligation to provide

26   closed captioning, Plaintiffs and members of the proposed class of individuals with hearing loss

27   are excluded from the experience of going to the movies despite their desire to attend closed

28   captioned movies at Cinemark's theaters in Alameda County.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    47.   For example, at Bayfair Theater, during the week beginning November 19, 2010,

2   the theater was offering five different movies, "Harry Potter and the Deathly Hallows-Part 1,"

3   "Unstoppable," "Due Date," "Megamind 3D," and "Skyline."

4    48.   All of these movies had closed captions prepared by MoPix.

5    49.   Bayfair Theater is not offering closed captioning for any of its screenings.

6    50.   At Hayward Theater, during the week beginning Nov. 19, 2010, the theater was

7   offering nine different movies- "Harry Potter and the Deathly Hallows-Part 1," "The Next Three

8   Days," "Skyline," "Unstoppable," "Morning Glory," "Due Date," "For Colored Girls,"

9   "Megamind 3D," and "Red."

10    51.   All of these movies, except "Next Three Days" and "For Colored Girls" had

11   closed captions prepared by MoPix.

12    52.   Hayward Theater is not offering closed captioning for any of its screenings.

13    53.   At Newark Theater, during the week beginning November 19, 2010, the theater

14   was offering six different movies, "Harry Potter and the Deathly Hallows-Part 1,"

15   "Unstoppable," "Megamind 3D," "Skyline," "Morning Glory," and "The Next Three Days."

16    54.   All of these movies, except "The Next Three Days" had closed captions prepared

17   by MoPix.

18    55.   Newark Theater is not offering closed captioning for any of its screenings.

19    56.   At Union City Theater, during the week beginning November 19, 2010, the

20   theater was offering seventeen different movies, "Guzaarish," "Harry Potter and the Deathly

21   Hallows-Part 1," "The Next Three Days," "Today's Special," "Skyline," "Unstoppable,"

22   "Morning Glory," "Due Date," "For Colored Girls," "Golmaal 3," "Megamind, " "Megamind

23   3D," "Saw 3D: The Final Chapter," "Paranormal Activity 2," "Jackass 3D," "Red," and "The

24   Social Network."

25    57.   All of those movies, except "Guzaarish," "The Next Three Days," "Today's

26   Special," "For Colored Girls," "Golmaal 3," and "Saw 3D: The Final Chapter" had closed

27   captions prepared by MoPix.

28    58.   Union City Theater is not offering closed captioning for any of its screenings.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1

## CLASS ACTION ALLEGATIONS

2      59.      Pursuant to Code of Civil Procedure §382, Plaintiffs bring this action on behalf of
3   themselves and all other persons similarly situated. The Class consists of all individuals with
4   hearing loss who desire to seek to attend movies at Cinemark theaters in Alameda County but
5   cannot because Cinemark theaters in Alameda County fail to screen films with closed captions.

6      60.      The Class numbers in excess of 500 individuals and members of the Class are
7   sufficiently numerous that joinder of all members is impracticable.

8      61.      There is a community of interest among the members of the proposed Class in
9   that there are questions of law and fact common to all of their claims. Those common issues
10   include, but are not limited to:  whether Cinemark is legally obligated to provide closed
11   captioned films at its theaters in Alameda County; whether it is an undue burden or fundamental
12   alteration for Cinemark to purchase and install the equipment necessary to show closed
13   captioned films in Alameda County; whether Cinemark's practice of failing to provide any
14   closed captioned films at its theaters in Alameda County violates the Unruh Act, the Disabled
15   Persons Act, or the ADA.

16      62.      Plaintiffs' claims are typical of, and not antagonistic to, the claims of all other
17   members of the Class because Cinemark conducted and continues to conduct its business in a
18   manner which caused, continues to cause, and will in future cause all Class members to suffer
19   the same or similar injury. Plaintiffs, by advancing their claims, will also advance the claims of
20   all other similarly-situated individuals.

21      63.      Plaintiffs and their counsel will fairly and adequately protect the interests of
22   absent Class members. There are no material conflicts between Plaintiffs' claims and those of
23   absent Class members that would make class certification inappropriate. Plaintiffs'counsel are
24   experienced in disability rights and class action litigation, and will vigorously assert Plaintiffs'
25   claims and the claims of all Class members.

26      64.      A class action is superior to other potential methods for achieving a fair and
27   efficient adjudication of this controversy. Whatever difficulties may exist in the management of
28   this case as a class action will be greatly outweighed by the benefits of the class action

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1 procedure, including but not limited to providing Class members with a method for the redress

2 and prevention of their injuries and claims that could not, given the complexity of the issues and

3 the nature of the requested relief, be pursued in individual litigation. Further, the prosecution of

4 separate actions by the individual Class members, even if possible, would create a risk of

5 inconsistent or varying adjudications and incompatible standards of conduct for the Defendant.

6 **JURISDICTION**

7   65.   This is a civil action under the Unruh Civil Rights Act, Cal. Civ. Code, §§ 51 and

8 52, the California Disabled Persons Act, Cal. Civ. Code §54.3 (statutory damages and attorneys'

9 fees only), and the Americans with Disabilities Act of ("ADA"), 42 U.S.C. § 12101, *et seq.* This

10 Court has jurisdiction over the California claims alleged herein pursuant to Cal. Civ. Code,

11 §§ 51, 52, Cal. Civ. Code §54.3, and concurrent jurisdiction over the federal ADA claims.

12 **VENUE**

13   66.   Venue is proper in Alameda County under California Code of Civil Procedure

14 §395.5 because liability arises in Alameda County. Defendants have been and are committing

15 the acts alleged herein in Alameda County, have been and are violating the rights of persons with

16 disabilities in Alameda County, and have been and are causing injury to persons with disabilities

17 in Alameda County.

18   67.   Linda Drattell is a California citizen and resides in Alameda County. She has

19 experienced injury in Alameda County as a result of Cinemark's failure to provide the auxiliary

20 aids and services necessary to watch closed captioned films.

21   68.   Richard Rutherford is a California citizen and resides in Contra Costa County. He

22 has experienced injury in Alameda County as a result of Cinemark's failure to provide the

23 auxiliary aids and services necessary to watch closed captioned films.

24   69.   Plaintiff Association for Late-Deafened Adults operates a local chapter in San

25 Jose, California. ALDA has members who have experienced injury in Alameda County as a

26 result of Cinemark's failure to provide the auxiliary aids and services necessary to watch closed

27 captioned films at Cinemark's theaters in Alameda County.

28 //

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

**FIRST CAUSE OF ACTION**

(Discrimination Prohibited by the Unruh Act)

70.    Plaintiffs incorporate by reference the allegations in paragraphs 1-61 as if set fully herein.

71.    The Unruh Civil Rights Act, Civil Code §51 provides that all persons within California, "no matter what their sex, race, color, religion, ancestry, national origin, disability, ... [or] medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

72.    Plaintiffs are persons within California who are protected by the Unruh Act.

73.    The Bayfair, Hayward, Newark and Union City theaters are each a "business establishment" within the meaning of California Civil Code §51.

74.    Movie theaters offer the service of screening movies.

75.    By failing to show movies with closed captioning, defendants have denied Plaintiffs the full and equal accommodations, advantages, facilities, privileges, and services of their business establishment.

76.    The actions of Defendants were and are in violation of the Unruh Civil Rights Act, and therefore Plaintiffs are entitled to injunctive relief remedying the discrimination.

77.    Plaintiffs are also entitled to statutory damages pursuant to Civil Code §52 for each and every offense of discrimination.

78.    Plaintiffs are also entitled to reasonable attorneys' fees and costs pursuant to Civil Code § 52.

WHEREFORE, Plaintiffs request relief as set forth below.

**SECOND CAUSE OF ACTION**

(Disabled Persons Act - Cal. Civ. Code §54.3)
(Claim for statutory damages and attorneys' fees only)

79.    Plaintiffs incorporate by reference the allegations in paragraphs 1-70 as if set fully herein.

1    80.    Civil Code §§ 54 and 54.1 (the Disabled Persons Act) guarantee that "individuals

2 with disabilities shall be entitled to full and equal access, as other members of the general public,

3 to all accommodations, advantages, and facilities," including "places of public accommodation,

4 amusement, or resort, and other places to which the general public was invited."

5    81.    Cinemark's movie theater facilities are "places of public accommodation" within

6 the meaning of Civil Code §54.1.

7    82.    Cinemark is violating the right of class members to full and equal access to

8 accommodations, advantages, facilities, and telephone facilities by refusing to show closed

9 captioned films.

10    83.    As an alternative damage remedy for the discrimination alleged in the First Cause

11 of Action for violation of the Unruh Civil Rights Act, Plaintiffs are entitled to statutory damages

12 for violation of the Disabled Persons Act pursuant to Civil Code §54.3, subdivision (a) for each

13 and every act of discrimination.

14    84.    Plaintiffs are also entitled to "attorney's fees as may be determined by the court"

15 pursuant to Civil Code section 54.3, subdivision (a).

16 WHEREFORE, Plaintiffs request relief as set forth below.

17 **THIRD CAUSE OF ACTION**

18 (Violation of Title III of the Americans with Disabilities Act)

19    85.    Plaintiffs incorporate by reference the allegations in paragraphs 1-76 as if set fully

20 herein.

21    86.    Defendants are also violating Title III of the ADA, 42 U.S.C. §§12101 *et seq.*,

22 which prohibits discrimination in public accommodations, because they have failed "to take such

23 steps as may be necessary to ensure that no individual with a disability is excluded, denied

24 services, segregated or otherwise treated differently than other individuals because of the

25 absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps

26 would fundamentally alter the nature of the good, service, facility, privilege, advantage or

27 accommodation being offered, or would result in an undue burden." 42 U.S.C. §

28 12182(b)(2)(A)(iii).

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    87.    The "auxiliary aids and services" required to prevent discrimination in the full and

2  equal enjoyment of a service provided by a place of public accommodation includes "effective

3  methods of making aurally delivered materials available to individuals with hearing

4  impairments." 28 C.F.R. §36.303(b)(1).

5    88.    The Court of Appeals for the Ninth Circuit has held that "auxiliary aids and

6  services" include equipment to display closed captioning at movie theaters. *Arizona ex. Rel.*

7  *Goddard v. Harkins Amusement Enterprises,* 603 F.3d 666, 675 (9th Cir. 2010).

8    89.    Discrimination under the ADA also includes the "failure to make reasonable

9  modifications in policies, practices, or procedures, when such modifications are necessary to

10  afford such goods, services, facilities, privileges, advantages, or accommodations to individuals

11  with disabilities. . ." and the "imposition of eligibility criteria that screen out or tend to screen out

12  an individual with a disability or any class of individualities from fully and equally enjoying any

13  goods, services, facilities, privileges, advantages, or accommodations being offered. . ." 42

14  U.S.C. §12182(b)(2)(A)(i)-(ii).

15    90.    Cinemark has failed to take any prompt and equitable steps to remedy their

16  unlawful and discriminatory conduct.

17    91.    Plaintiffs are entitled to injunctive and declaratory relief and an award of

18  reasonable attorneys' fees under the ADA. 42 U.S.C. § 12888.

19    WHEREFORE, Pursuant to Unruh Civil Rights Act, Cal, Civ. Code §§ 51 and 52, Cal.

20  Civ Code § 54.3, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the

21  remedies, procedures, and rights set forth and incorporated therein, plaintiffs request relief as set

22  forth below.

23                              **PRAYER FOR RELIEF**

24    92.    A declaration that Defendants are violating the law by failing to provide the

25  necessary auxiliary aids and services or to reasonably modify their policies and procedures, for

26  Plaintiffs and similarly situated individuals with hearing loss, as required by the Unruh Act and

27  the ADA.

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

93. A preliminary and permanent injunction to prohibit Defendant Cinemark from continuing to violate §51 of the Unruh Act and the ADA.

94. A preliminary and permanent injunction requiring Defendant Cinemark to take all steps necessary to ensure that their primary service, the screening of movies at the Bayfair, Hayward, Newark and Union City movie theaters are fully and equally enjoyable to persons with hearing loss through the provision of closed captioned films.

95. Damages in an amount to be determined by proof, including applicable statutory damages pursuant to Cal. Civ. Code §52, or, in the alternative, Cal. Civ. Code section §54.3;

96. Plaintiffs' reasonable attorneys' fees and costs as authorized by Cal. Civ. Code § 52, Cal. Civ. Code § 54.3, and 42 U.S.C. § 12188.

97. Such other and further relief as the Court deems just and proper.

Dated: November 29, 2010

Respectfully Submitted,

DISABILITY RIGHTS ADVOCATES

By: _____
Sid Wolinsky
Kevin Knestrick

LAW OFFICE OF JOHN F. WALDO

By: _____
John F. Waldo
by Kevin Knestrick

\\Server\cases\ALDA.Cinemark\Pleadings\Complaint_final.doc

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*9070060*

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Kevin Knestrick
Disability Rights Advocates
2001 Center St, Fourth Floor
Berkeley, CA 94704
**TELEPHONE NO.:** 510-665-8644 **FAX NO.:** 510-665-8511
**ATTORNEY FOR (Name):** Plaintiff The Association of Late-Deafened Adults, Inc.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
    **STREET ADDRESS:** 1225 Fallon Street, Room 109
    **MAILING ADDRESS:**
    **CITY AND ZIP CODE:** Oakland, CA 94612
    **BRANCH NAME:**

**CASE NAME:**
ALDA et al., v. Cinemark Holdings, Inc. et al.

**FILED**
**ALAMEDA COUNTY**
**NOV 8 9 2010**
CLERK OF THE SUPERIOR COURT
By _____

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited   ☐ Limited | ☐ Counter   ☐ Joinder | RG 10548765 |
| (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:    DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☑ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
  b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify):
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: November 29, 2010

Kevin Knestrick
_____
(TYPE OR PRINT NAME)       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: | Case Number: |
|---|---|
| ALDA et al., v. Cinemark, Inc. et al. | RG10548765 |

**CIVIL CASE COVER SHEET ADDENDUM**

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)
[ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 Auto tort (G) <br> is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 Asbestos (D) |
| | Product liability (24) | [ ] 89 Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] 79 Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [X] 80 Civil rights (G) |
| | Defamation (13) | [ ] 84 Defamation (G) |
| | Fraud (16) | [ ] 24 Fraud (G) |
| | Intellectual property (19) | [ ] 87 Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 Wrongful termination (G) |
| | Other employment (15) | [ ] 85 Other employment (G) |
| | | [ ] 53 Labor comm award confirmation |
| | | [ ] 54 Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 Collections (G) |
| | Insurance coverage (18) | [ ] 86 Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 Unlawful Detainer - commercial    Is the deft. in possession |
| | Residential (32) | [ ] 47 Unlawful Detainer - residential    of the property? |
| | Drugs (38) | [ ] 21 Unlawful detainer - drugs    [ ] Yes [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] 41 Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 Writ of mandate <br> is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] 64 Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 Construction defect |
| | Claims involving mass tort (40) | [ ] 78 Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 Enforcement of judgment |
| | | [ ] 08 Confession of judgment |
| Misc Complaint | RICO (27) | [ ] 90 RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 68 All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 Change of name |
| | | [ ] 69 Other petition |

202-19 (5/1/00)

A-13

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Kevin Knestrick<br>Disability Rights Advocates<br>2001 Center Street, Fourth Floor<br>Berkeley, CA 94704<br>TELEPHONE NO.: 510-665-8644      FAX NO. *(Optional)*: 510-665-8511<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff The Association of Late-deafened Adults, Inc., et al | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 1225 Fallon Street, Room 109
MAILING ADDRESS:
CITY AND ZIP CODE:  Oakland, CA 94612
BRANCH NAME:

| PLAINTIFF/PETITIONER: Association of Late-Deafened Adults, Inc., et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Cinemark Holdings, Inc., et al. | RG10548765 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
   Cinemark Holdings, Inc.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Michael Cavalier, Senior Vice President and General Counsel, Cinemark Holdings Inc.

4. Address where the party was served:
   3900 Dallas Parkway Suite 500 Plano, TX 75093
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):*          at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*        or ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**   Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Association of Late-Deafened Adults, Inc., et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Cinemark Holdings, Inc., et al. | RG10548765 |

5.  c.  ☑  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* December 6, 2010     (2) from *(city):* Berkeley

    (3) ☑ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☐  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify):*
  c.  ☐  as occupant.
  d.  ☑  On behalf of *(specify):*
    under the following Code of Civil Procedure section:

      ☑ 416.10 (corporation)       ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)       ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)       ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)       ☐ 415.46 (occupant)
                        ☐ other:

7.  **Person who served papers**
  a.  Name:
  b.  Address:
  c.  Telephone number:
  d.  The fee for service was: $
  e.  I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8.  ☐  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  *12/6/10*

Kevin Knestrick
<small>(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)</small>            *(SIGNATURE)*

Exhibit B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Cinemark Holdings, Inc., Anthony Tan, Rocky Yip, Dale Garvey, and Does 1 -100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

The Association of Late-Deafened Adults, Inc., Linda Drattell, Richard Rutherford, on behalf of themselves and all others similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

DEC 22 2010

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Alameda County Superior Court 1225 Fallon Street, Room 109, Oakland, CA 94612 | CASE NUMBER: *(Número del Caso):* RG10548765 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin Knestrick, Disability Rights Advocates 2001 Center Street Fourth Floor, Berkeley, CA 94704

| DATE: 12/22/2010 *(Fecha)* | PAT S. SWEETEN Clerk, by *(Secretario)* | Esther Coleman | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Cinemark Holdings, Inc., Anthony Tan, Rocky Yip, Dale

under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☑ other *(specify):* Corporate Managers

4. ☑ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

1 | SID WOLINSKY (California Bar No. 33916)
KEVIN KNESTRICK (California Bar No. 229620)
2 | Disability Rights Advocates
2001 Center Street, Fourth Floor
3 | Berkeley, California 94704-1204
Telephone: (510) 665-8644
4 | Facsimile: (510) 665-8511
TTY: (510) 665-8716
5 | Email: general@dralegal.org

6 | LAW OFFICE OF JOHN F. WALDO (*pro hac vice pending*)
151 Finch Pl. SW Ste. C
7 | Bainbridge Island, WA 98110
Telephone: (206) 842-4106
8

9 | **Attorneys for Plaintiffs**

ENDORSED
FILED
ALAMEDA COUNTY

DEC 22 2010

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

10 | **IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

11 | **COUNTY OF ALAMEDA**

12

13

14 | **THE ASSOCIATION OF LATE-DEAFENED ADULTS, INC., LINDA**
15 | **DRATTELL, RICHARD RUTHERFORD,** on behalf of themselves
16 | and all others similarly situated,

17 | Plaintiffs,

18 | v.

19 | **CINEMARK HOLDINGS, INC., a**
20 | Delaware Corporation, **ANTHONY TAN, ROCKY YIP, DALE GARVEY,** and **DOES**
21 | **1 -100.**

22 | Defendants.

23

**Case No. RG10548765**

**CLASS ACTION**

**COMPLEX LITIGATION**

**FIRST AMENDED COMPLAINT FOR DISCRIMINATION AGAINST PEOPLE WITH DISABILITIES: CALIFORNIA CIVIL CODE §§ 51, 52; CALIFORNIA CIVIL CODE § 54.3; AND THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 12101,** *et seq.*

24
25
26
27
28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  **INTRODUCTION**

2     1.  This is a class action suit brought on behalf of men and women with severe hearing

3  loss. The suit is brought to end on-going discrimination by defendant Cinemark Holdings, Inc.

4  ("Cinemark") because of its refusal to screen first-run captioned films at its theaters throughout

5  the State of California.

6     2.  Over two-thirds (2/3) of Americans attend movies each year.

7     3.  Captioning displays dialogue in writing that is synchronized with the film.

8  Closed captioning displays text only to those requesting it and is not seen by the entire audience.

9  Closed captioning facilitates a complete movie experience for patrons with hearing loss without

10  affecting the movie experience of other movie goers.

11     4.  Closed captioning is readily available and affordable to theater owners and

12  operators.

13     5.  Cinemark, which is the third largest theater operator in the United States, refuses

14  and has consistently refused to provide captioning for first-run movies, on any screen, at any

15  time, at any of its theatres in California.

16     6.  To make captioning possible, a computer disk is distributed with the movie and is

17  furnished without charge to theaters. To display captioning, the theaters must only pay the

18  onetime expense of installing captioning equipment.

19     7.  The cost per theater of such equipment for 35mm movies using film is

20  approximately $5,000.00. The cost per theater of such equipment for digital movies is less than

21  $5,000.00.

22     8.  Cinemark has the highest growth in total revenue among the three (3) largest

23  motion picture distributors in the United States. Cinemark operates 61 theaters in California.

24     9.  By failing to provide captioned movies Cinemark deprives people with hearing

25  loss in California of the opportunity to participate in a major part of mainstream American life.

26     10.  Cinemark's refusal to provide the relatively inexpensive technology and

27  equipment necessary to screen closed captioned films in the County violates the Unruh Civil

28  Rights Act, California Civil Code sections 51 and 52, which prohibits discrimination on the basis

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1   of disability. Cinemark's conduct also violates the Disabled Persons Act, California Civil Code

2   section 54.3. Further, Cinemark's conduct violates the Americans with Disabilities Act

3   ("ADA"), 42 U.S.C. §12182 *et seq.*, which specifically requires that a places of public

4   accommodation, such as a "motion picture house" provide the auxiliary aids and services

5   necessary to ensure that no individual is excluded, denied services, segregated or otherwise

6   treated differently than others because of the absence of auxiliary aids and services.

7                                   **PARTIES**

8         11.     Plaintiff ALDA is a national organization representing late-deafened adults,

9   individuals who have suffered hearing loss and the ability to understand spoken speech later in

10  life. ALDA is a non-profit corporation duly organized under the laws of the State of Illinois.

11  ALDA's principal place of business is in Rockford, Illinois. ALDA maintains several regional

12  and local groups and chapters across the United States, including one located in San Jose,

13  California.

14        12.     ALDA has a threefold purpose: to advocate for the needs and desires of late-

15  deafened individuals; to educate individuals, governments and corporations about late-in-life

16  hearing loss; and to provide a support network for adults adjusting to serious hearing loss after

17  having developed verbal language skills. ALDA sues on behalf of its members with hearing loss

18  in who desire to see closed captioned movies in Alameda County.

19        13.     Linda Drattell is an individual with a disability under all applicable statutes. Ms.

20  Drattell has severe bilateral hearing loss. Ms. Drattell resides in Pleasanton, Alameda County

21  and is a member of the ALDA-San Jose group.

22        14.     Richard Rutherford is an individual with a disability under all applicable statutes

23  due to his hearing loss. Mr. Rutherford resides in El Cerrito, Contra Costa County.

24        15.     Defendant Cinemark Holdings, Inc. is a public company whose stock is traded on

25  the New York Stock Exchange under the symbol "CNK." It is incorporated under the laws of

26  the State of Delaware, with its principle place of business in Plano, Texas.

27        16.     Cinemark is the third largest theater operator in the United States with 294

28  theaters and 3,830 screens in 39 states.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1   17.   For the year ending December 31, 2009, Cinemark's revenues grew 13.4% to
2   $1,976,500,000.

3   18.   Over the last three fiscal years, Cinemark has grown its total revenue per patron at
4   a compound annual growth rate of 6.8%, the highest among the three largest motion picture
5   exhibitors in the United States.

6   19.   Cinemark operates the following theaters in California: Tinseltown 14 in Chico,
7   Century Cinema in Corte Madera, Century 20 Daly City and XD in Daly City, Century
8   Blackhawk Plaza in Danville, Century Laguna 16 in Elk Grove, Century Folson 14 in Folsom,
9   Century at Hayward in Hayward, Century Larkspur Landing in Larkspur, Century 20 Great Mall
10  and XD in Milpitas, CinéArts at Sequoia in Mill Valley, Century Cinemas at Del Monte Center
11  in Monterey, Century Cinemas 16 in Mountain View, Cinedome 8 Napa in Napa, Cinedome 7
12  Newark in Newark, Century Rowland Plaza in Novato, CinéArts at Palo Alto Square in Palo
13  Alto, Century 16 Downtown in Pleasant Hill, CinéArts at Pleasant Hill in Pleasant Hill, Movies 8
14  in Redding, Cinemark Redding 14 and XD in Redding, Century 20 Downtown and XD in
15  Redwood City, Century 16 Hilltop in Richmond, Century Roseville 14 and XD in Roseville,
16  Century Stadium 14 in Sacramento, Century Downtown Plaza 7 in Sacramento, Century 16
17  Greenback Ln and XD in Sacramento, Century 14 Northridge Mall in Salinas, Century at
18  Tanforan in San Bruno, Century Centre 9 and XD in San Francisco, CinéArts at Empire in San
19  Francisco, CinéArts at Santa Row in San Jose, Century 20 Oakridge and XD in San Jose,
20  Century 24 in San Jose, Century 16 Bayfair in San Leandro, Century 12 Downtown in San
21  Mateo, Century Northgate 15 in San Rafael, Century Regency 6 in San Rafael, CinéArts at
22  Marin in Sausalito, Movies 14 in Tracy, Century 25 Union City and XD in Union City, Century
23  14 Vallejo in Vallejo, Century 14 Downtown and XD in Walnut Creek, County Fair 5 in
24  Woodland, Cinemark Yuba City in Yuba City, Cinemark Jess Ranch in Apple Valley, Movies 10
25  in Cathedral City, Movies 8 in Chino, Imperial Valley Mall 14 in El Centro, Movies 8 in
26  Hanford, Century Huntington Beach and XD in Huntington Beach, Movies 12 in Lancaster,
27  Cinemark 22 in Lancaster, Cinemark at the Pike in Long Beach, Century 8 in North Hollywood,
28  Century Stadium 25 and XD in Orange, Antelope Valley Mall in Palmdale, Century Theaters at

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  The River in Rancho Mirage, Century Stadium 16 in Ventura, Century 10 Downtown in Ventura,
2  Cinemark 16 in Victorville, and Movies 10 in Victorville.

3      20.    Defendant Anthony Tan is the general manager of Century 16 Bayfair in San
4  Leandro, California (hereafter "Bayfair Theater");

5      21.    Defendant Rocky Yip is the general manager of Century Theatres at Hayward in
6  Hayward, (hereafter "Hayward Theater");

7      22.    Defendant Dale Garvey is the manager of Century 25 Union Landing and XD in
8  Union City, California (hereafter "Union City Theater");

9      23.    Each named Defendant manager is sued in his individual capacity.

10     24.    Defendants DOE 1-100 are persons or entities whose true name and capacities are
11  unknown to Plaintiffs, who therefore sue them by their fictitious name. Plaintiffs are informed
12  and believe, and on that basis allege, that the fictitiously named Defendant perpetrated or is
13  responsible for some or all of the wrongful acts and omissions alleged herein. Plaintiffs will
14  seek leave of court to amend this complaint to state the true name and capacities of such
15  fictitiously named Defendant if and when they are ascertained.

16     25.    At all times mentioned herein, each Defendant was the agent or employee of the
17  other Defendants and was acting within the course and scope of such agency or employment.
18  The Defendants are jointly and severally liable.

19                              **GENERAL ALLEGATIONS**

20     26.    The development of captioning technology over the past decade has made the
21  provision of discreet or hidden captions through the Rear Window Captioning ("RWC") system
22  easy to accomplish.

23     27.    The RWC system was developed in the early 1990s. It is a proprietary technology
24  licensed and sold by the Media Access Group at WGBH public television station in Boston.

25     28.    Through a service called Motion Picture Access or MoPix, the Media Access
26  Group contracts with movie studios to prepare captions for films on a computer disc. Movie
27  studios then distribute the computer discs containing the captions to movie theaters at the same
28  time the movies studios distribute the film.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    29.    Approximately 80% of the first-run movies released by the major studios are

2  captioned using the MoPix Service.

3    30.    The caption discs are furnished without charge to the theaters. In order to display

4  captions, the theaters must pay the one-time expense of installing the necessary captioning

5  equipment.

6    31.    The cost per theater of installing equipment to display RWC captions for 35

7  millimeter movies using film is approximately $5,000. The cost per theater of such equipment

8  for digital movies is less than $5,000.00.

9    32.    The RWC system can be used without the need for special prints or separate

10  screening of films.

11    33.    The RWC system works by displaying reversed captions on a light-emitting diode

12  ("LED") text display that is mounted in the rear of a theater.

13    34.    Using RWC equipment, a movie theater can play a computer disc that is

14  distributed with the movie, in synchronization with the film, and the captions are made visible

15  only to patrons who use a small reflector screen attached to their seat.

16    35.    The screens are portable, adjustable and simple to use.

17    36.    The seat-mounted acrylic reflector mounts onto the drink holder or on the seat

18  arm, while the freestanding reflector is placed beside the viewer's seat.

19    37.    The portability of the reflectors enables the movie patron to sit anywhere in the

20  theater.

21    38.    Hearing loss is among the most prevalent conditions which constitute a disability;

22  more than 28 million Americans have some degree of hearing loss.

23    39.    Hearing loss is highly correlated with age. Fifteen percent (15%) of the

24  population has hearing loss in the age group 50-59; thirty one percent (31%) of those between

25  the ages of 60-69 have hearing loss.

26    40.    The most common form of hearing loss is high-frequency sensor neural hearing

27  loss. The human voice is composed of both high-frequency (consonants) and low-frequency

28  (vowel) sounds. Individuals with high-frequency hearing loss can often hear a speaker's voice

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1   but cannot understand what is being said because he or she cannot hear higher-frequency

2   consonant sounds. Higher-frequency consonant sounds shape and give meaning to speech.

3       41.     Captioning is the only way that a substantial portion of the population of people

4   with significant hearing loss can participate in the experience of movie-going.

5       42.     Closed captioning, which Plaintiffs seek here, displays the text only to those

6   requesting it and not to the entire audience.

7       43.     In *Arizona ex. Rel. Goddard v. Harkins Amusement Enterprises,* 603 F.3d 666

8   (9th Cir. 2010), the Ninth Circuit clearly indicated that closed captioning technology is a valid

9   "auxiliary aid" which is specifically mandated by the ADA.

10      44.     Despite this controlling opinion, Defendants have knowingly and intentionally

11  ignored their legal obligation to provide closed captioning in its theaters for patrons with hearing

12  loss.

13      45.     Because Defendants have not complied with their legal obligation to provide

14  closed captioning, Plaintiffs and members of the proposed class of individuals with hearing loss

15  are excluded from the experience of going to the movies despite their desire to attend closed

16  captioned movies at Cinemark's theaters in California.

17      46.     For example, at Bayfair Theater in San Leandro, during the week beginning

18  November 19, 2010, the theater was offering  five different movies: "Harry Potter and the

19  Deathly Hallows-Part 1," "Unstoppable," "Due Date," "Megamind 3D," and "Skyline."

20      47.     All of these movies had closed captions prepared by MoPix.

21      48.     Bayfair Theater did not offer closed captioning for any of its screenings.

22      49.     At Century Stadium 16 in Ventura, during the week beginning December 20,

23  2010, the theater was offering eleven different movies: "The Fighter," "How Do You Know,"

24  "Tron: Legacy," "Yogi Bear," "The Chronicles of Narnia: The Voyage of the Dawn Treader,"

25  "The Tourist," "Black Swan," "Burlesque," "Tangled," "Harry Potter and the Deathly Hallows-

26  Part 1," and "127 Hours."

27      50.     All of these movies had closed captions prepared by MoPix.

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    51.    Century Stadium 16 in Ventura is not offering closed captioning for any of its

2  screenings.

3    52.    At Century Downtown Plaza 7 in Sacramento, during the week beginning

4  December 20, 2010, the theater was offering seven different movies: "Tron: Legacy," "Yogi

5  Bear," "The Chronicles of Narnia: The Voyage of the Dawn Treader," "The Tourist,"

6  "Burlesque," and "Tangled," and "Harry Potter and the Deathly Hallows-Part 1."

7    53.    All of these movies had closed captions prepared by MoPix.

8    54.    Century Downtown Plaza 7 in Sacramento is not offering closed captioning for

9  any of its screenings.

10    55.    At Union City Theater, during the week beginning November 19, 2010, the

11  theater was offering seventeen different movies, "Guzaarish," "Harry Potter and the Deathly

12  Hallows-Part 1," "The Next Three Days," "Today's Special," "Skyline," "Unstoppable,"

13  "Morning Glory," "Due Date," "For Colored Girls," "Golmaal 3," "Megamind, " "Megamind

14  3D," "Saw 3D: The Final Chapter," "Paranormal Activity 2," "Jackass 3D," "Red," and "The

15  Social Network."

16    56.    All of those movies, except "Guzaarish," "The Next Three Days," "Today's

17  Special," "For Colored Girls," "Golmaal 3," and "Saw 3D: The Final Chapter" had closed

18  captions prepared by MoPix.

19    57.    Union City Theater did not offer closed captioning for any of its screenings.

20                        **CLASS ACTION ALLEGATIONS**

21    58.    Pursuant to Code of Civil Procedure §382, Plaintiffs bring this action on behalf of

22  themselves and all other persons similarly situated. The Class consists of all individuals with

23  hearing loss who desire to seek to attend movies at Cinemark theaters in California but cannot

24  because Cinemark theaters fail to screen films with closed captions.

25    59.    The Class numbers in excess of tens of thousands of individuals and members of

26  the Class are sufficiently numerous that joinder of all members is impracticable.

27    60.    There is a community of interest among the members of the proposed Class in

28  that there are questions of law and fact common to all of their claims. Those common issues

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1   include, but are not limited to: whether Cinemark is legally obligated to provide closed

2   captioned films at its theaters in California; whether it is an undue burden or fundamental

3   alteration for Cinemark to purchase and install the equipment necessary to show closed

4   captioned films in California; whether Cinemark's practice of failing to provide closed captioned

5   screening of first-run films in California violates the Unruh Act, the Disabled Persons Act, or the

6   ADA.

7        61.   Plaintiffs' claims are typical of, and not antagonistic to, the claims of all other

8   members of the Class because Cinemark conducted and continues to conduct its business in a

9   manner which caused, continues to cause, and will in future cause all Class members to suffer

10  the same or similar injury. Plaintiffs, by advancing their claims, will also advance the claims of

11  all other similarly-situated individuals.

12        62.   Plaintiffs and their counsel will fairly and adequately protect the interests of

13  absent Class members. There are no material conflicts between Plaintiffs' claims and those of

14  absent Class members that would make class certification inappropriate. Plaintiffs' counsel are

15  experienced in disability rights and class action litigation, and will vigorously assert Plaintiffs'

16  claims and the claims of all Class members.

17        63.   A class action is superior to other potential methods for achieving a fair and

18  efficient adjudication of this controversy. Whatever difficulties may exist in the management of

19  this case as a class action will be greatly outweighed by the benefits of the class action

20  procedure, including but not limited to providing Class members with a method for the redress

21  and prevention of their injuries and claims that could not, given the complexity of the issues and

22  the nature of the requested relief, be pursued in individual litigation. Further, the prosecution of

23  separate actions by the individual Class members, even if possible, would create a risk of

24  inconsistent or varying adjudications and incompatible standards of conduct for the Defendant.

25                                **JURISDICTION**

26        64.   This is a civil action under the Unruh Civil Rights Act, Cal. Civ. Code, §§ 51 and

27  52, the California Disabled Persons Act, Cal. Civ. Code §54.3 (statutory damages and attorneys'

28  fees only), and the Americans with Disabilities Act of ("ADA"), 42 U.S.C. § 12101, *et seq*. This

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  Court has jurisdiction over the California claims alleged herein pursuant to Cal. Civ. Code,

2  §§ 51, 52, Cal. Civ. Code §54.3, and concurrent jurisdiction over the federal ADA claims.

3                                        **VENUE**

4          65.     Venue is proper in Alameda County under California Code of Civil Procedure

5  §395.5 because liability arises in Alameda County. Defendants have been and are committing

6  the acts alleged herein in Alameda County, have been and are violating the rights of persons with

7  disabilities in Alameda County, and have been and are causing injury to persons with disabilities

8  in Alameda County.

9          66.     Linda Drattell is a California citizen and resides in Alameda County. She has

10  experienced injury in Alameda County as a result of Cinemark's failure to provide the auxiliary

11  aids and services necessary to watch closed captioned films.

12          67.     Richard Rutherford is a California citizen and resides in Contra Costa County. He

13  has experienced injury in Alameda County as a result of Cinemark's failure to provide the

14  auxiliary aids and services necessary to watch closed captioned films.

15          68.     Plaintiff Association for Late-Deafened Adults operates a local chapter in San

16  Jose, California. ALDA has members who have experienced injury in Alameda County as a

17  result of Cinemark's failure to provide the auxiliary aids and services necessary to watch closed

18  captioned films at Cinemark's theaters in Alameda County.

19                               **FIRST CAUSE OF ACTION**

20                          (Discrimination Prohibited by the Unruh Act)

21          69.     Plaintiffs incorporate by reference the allegations in paragraphs 1-69 as if set fully

22  herein.

23          70.     The Unruh Civil Rights Act, Civil Code §51 provides that all persons within

24  California, "no matter what their sex, race, color, religion, ancestry, national origin, disability, ...

25  [or] medical condition are entitled to the full and equal accommodations, advantages, facilities,

26  privileges, or services in all business establishments of every kind whatsoever."

27          71.     Plaintiffs are persons within California who are protected by the Unruh Act.

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA, 94704-1204
(510) 665-8644

1  72.  Each of Cinemark's California theaters are a "business establishment" within the

2  meaning of California Civil Code §51.

3  73.  Movie theaters offer the service of screening movies.

4  74.  By failing to show movies with closed captioning, defendants have denied

5  Plaintiffs the full and equal accommodations, advantages, facilities, privileges, and services of

6  their business establishment.

7  75.  The actions of Defendants were and are in violation of the Unruh Civil Rights

8  Act, and therefore Plaintiffs are entitled to injunctive relief remedying the discrimination.

9  76.  Plaintiffs are also entitled to statutory damages pursuant to Civil Code §52 for

10  each and every offense of discrimination.

11  77.  Plaintiffs are also entitled to reasonable attorneys' fees and costs pursuant to Civil

12  Code § 52.

13  WHEREFORE, Plaintiffs request relief as set forth below.

14  ## SECOND CAUSE OF ACTION

15  (Disabled Persons Act - Cal. Civ. Code §54.3)
   (Claim for statutory damages and attorneys' fees only)

16

17  78.  Plaintiffs incorporate by reference the allegations in paragraphs 1-78 as if set fully

18  herein.

19  79.  Civil Code §§ 54 and 54.1 (the Disabled Persons Act) guarantee that "individuals

20  with disabilities shall be entitled to full and equal access, as other members of the general public,

21  to all accommodations, advantages, and facilities," including "places of public accommodation,

22  amusement, or resort, and other places to which the general public was invited."

23  80.  Cinemark's movie theater facilities in California are "places of public

24  accommodation" within the meaning of Civil Code §54.1.

25  81.  Cinemark is violating the right of class members to full and equal access to

26  accommodations, advantages, facilities, and telephone facilities by refusing to show closed

27  captioned films.

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    82.    As an alternative damage remedy for the discrimination alleged in the First Cause

2  of Action for violation of the Unruh Civil Rights Act, Plaintiffs are entitled to statutory damages

3  for violation of the Disabled Persons Act pursuant to Civil Code §54.3, subdivision (a) for each

4  and every act of discrimination.

5    83.    Plaintiffs are also entitled to "attorney's fees as may be determined by the court"

6  pursuant to Civil Code section 54.3, subdivision (a).

7  WHEREFORE, Plaintiffs request relief as set forth below.

8  ### THIRD CAUSE OF ACTION

9  (Violation of Title III of the Americans with Disabilities Act)

10    84.    Plaintiffs incorporate by reference the allegations in paragraphs 1-84 as if set fully

11  herein.

12    85.    Defendants are also violating Title III of the ADA, 42 U.S.C. §§12101 *et seq.*,

13  which prohibits discrimination in public accommodations, because they have failed "to take such

14  steps as may be necessary to ensure that no individual with a disability is excluded, denied

15  services, segregated or otherwise treated differently than other individuals because of the

16  absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps

17  would fundamentally alter the nature of the good, service, facility, privilege, advantage or

18  accommodation being offered, or would result in an undue burden." 42 U.S.C. §

19  12182(b)(2)(A)(iii).

20    86.    The "auxiliary aids and services" required to prevent discrimination in the full and

21  equal enjoyment of a service provided by a place of public accommodation includes "effective

22  methods of making aurally delivered materials available to individuals with hearing

23  impairments." 28 C.F.R. §36.303(b)(1).

24    87.    The Court of Appeals for the Ninth Circuit has held that "auxiliary aids and

25  services" include equipment to display closed captioning at movie theaters. *Arizona ex. Rel.*

26  *Goddard v. Harkins Amusement Enterprises,* 603 F.3d 666, 675 (9th Cir. 2010).

27    88.    Discrimination under the ADA also includes the "failure to make reasonable

28  modifications in policies, practices, or procedures, when such modifications are necessary to

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    afford such goods, services, facilities, privileges, advantages, or accommodations to individuals

2    with disabilities. . ." and the "imposition of eligibility criteria that screen out or tend to screen out

3    an individual with a disability or any class of individualities from fully and equally enjoying any

4    goods, services, facilities, privileges, advantages, or accommodations being offered. . ." 42

5    U.S.C. §12182(b)(2)(A)(i)-(ii).

6          89.     Cinemark has failed to take any prompt and equitable steps to remedy their

7    unlawful and discriminatory conduct.

8          90.     Plaintiffs are entitled to injunctive and declaratory relief and an award of

9    reasonable attorneys' fees under the ADA.  42 U.S.C. § 12888.

10         WHEREFORE, Pursuant to Unruh Civil Rights Act, Cal, Civ. Code §§ 51 and 52, Cal.

11   Civ Code § 54.3, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the

12   remedies, procedures, and rights set forth and incorporated therein, plaintiffs request relief as set

13   forth below.

14                                    **PRAYER FOR RELIEF**

15         91.     A declaration that Defendants are violating the law by failing to provide the

16   necessary auxiliary aids and services or to reasonably modify their policies and procedures, for

17   Plaintiffs and similarly situated individuals with hearing loss, at Cinemark theaters in California,

18   as required by the Unruh Act and the ADA.

19         92.     A preliminary and permanent injunction to prohibit Defendant Cinemark from

20   continuing to violate §51 of the Unruh Act and the ADA.

21         93.     A preliminary and permanent injunction requiring Defendant Cinemark to take all

22   steps necessary to ensure that their primary service, the screening of movies at its theaters in

23   California are fully and equally enjoyable to persons with hearing loss through the provision of

24   closed captioned films.

25         94.     Damages in an amount to be determined by proof, including applicable statutory

26   damages pursuant to Cal. Civ. Code §52, or, in the alternative, Cal. Civ. Code section §54.3;

27         95.     Plaintiffs' reasonable attorneys' fees and costs as authorized by Cal. Civ. Code §

28   52, Cal. Civ. Code § 54.3, and 42 U.S.C. § 12188.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    96.    Such other and further relief as the Court deems just and proper.

2

3   Dated: December 22 2010                    Respectfully Submitted,

4                                              DISABILITY RIGHTS ADVOCATES

5

6                                              By:
                                                  Sid Wolinsky
7                                                 Kevin Knestrick
                                                  Elizabeth Leonard
8

9                                              LAW OFFICE OF JOHN F. WALDO

10

11                                             By:
                                                  John F. Waldo
12

13   \\Server\cases\ALDA.Cinemark\Pleadings\Complaint_Statewide_final.doc

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1   SID WOLINSKY (California Bar No. 33916)
    KEVIN KNESTRICK (California Bar No. 229620)
2   Disability Rights Advocates
    2001 Center Street, Fourth Floor
3   Berkeley, California 94704-1204
    Telephone:    (510) 665-8644
4   Facsimile:    (510) 665-8511
    TTY:          (510) 665-8716
5   Email:        general@dralegal.org

6   LAW OFFICE OF JOHN F. WALDO (*pro hac vice pending*)
    151 Finch Pl. SW Ste. C
7   Bainbridge Island, WA 98110
    Telephone:    (206) 842-4106
8
    Attorneys for Plaintiffs
9

10              IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

11                            COUNTY OF ALAMEDA

12

13

14   THE ASSOCIATION OF LATE-
     DEAFENED ADULTS, INC., LINDA          Case No: RG10548765
15   DRATTELL, RICHARD RUTHERFORD,
     on behalf of themselves
16   and all others similarly situated,            PROOF OF SERVICE

17                        Plaintiffs,

18   v.

19
     CINEMARK HOLDINGS, INC., a
20   Delaware Corporation, ANTHONY TAN,
     ROCKY YIP, DALE GARVEY, and DOES
21   1 -100.

22                        Defendants.

23

24

25

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  **PROOF OF SERVICE**

2  I, Scott Murray, hereby declare:

3  I am over the age of 18 years and not a party to or interested in the within entitled cause. I am an employee of Disability Rights Advocates and my business address is 2001 Center Street, Fourth Floor, Berkeley, California, 94704-1204. On the date stated below, I served a true copy

4  of:

5  **FIRST AMENDED COMPLAINT FOR DISCRIMINATION AGAINST PEOPLE WITH DISABILITIES: CALIFORNIA CIVIL CODE §§ 51, 52; CALIFORNIA CIVIL CODE §**

6  **54.3; AND THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 12101,** *et seq.*

7  on the parties through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below for service as designated below:

8

9  A.   **By First Class Mail:** I caused each such envelope to be placed in the internal mail collection system with first-class postage thereon fully prepaid in a sealed envelope for deposit in the United States Postal Service that same day in the ordinary course of

10  business.

11  B.   **By Messenger Service:** I caused each such envelope to be delivered during normal business hours by courier dispatched from Apple Courier Inc. 3401 K Street, NW

12  Washington, DC 20007 with instructions to hand carry each such envelope to the office of the address on the date as written above.

13

14  C.   **By Overnight Mail:** I caused each such envelope to be placed in a box or other facility regularly maintained by the overnight express service carrier, or delivered to an authorized courier or driver authorized by the overnight express service carrier to receive

15  documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for.

16

17  D.   **By Facsimile:** I caused such document to be served via facsimile electronic equipment transmission (fax) on the parties in this action by transmitting a true copy to the following fax numbers listed under each addressee below.

18

19  E.   **By Electonic Mail:** I caused such document to be served via electronic mail (e-mail)on the parties in this action by transmitting a true copy to the following e-mail address listed under each addressee below.

20

21

| Service | Addressee |
|---------|-----------|
| A       | Michael Cavalier Senior Vice President and General Counsel, Cinemark Holdings Inc. 3900 Dallas Parkway Suite 500 Plano, TX 75093 |

25

26  I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed at Berkeley, California, on December 22,

27  2010.

Scott Murray

28

\\Server\Cases\ALDA.Cinemark\Pleadings\POS_12.22.10.doc

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

Exhibit C

Disability Rights Advocates
Attn: Knestrick, Kevin
2001 Center Street
3rd Floor
Berkeley, CA 94704____

Cinemark Holdings, Inc.,a Delaware
Corporation

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

The Association of Late-Deafened
                    Plaintiff/Petitioner(s)
        VS.

Cinemark Holdings, Inc.
                    Defendant/Respondent(s)
        (Abbreviated Title)

No. RG10548765

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:
Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and
time noted below:

Complex Determination Hearing:
DATE: 01/13/2011    TIME: 02:00 PM    DEPARTMENT: 20
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Case Management Conference:
DATE: 02/18/2011    TIME: 11:00 AM    DEPARTMENT: 20
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of
the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation
Determination Hearing and Initial Complex Case Management Conference.

Department 20 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb).
For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at
(510) 267-6936. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of
Alameda, concerning the tentative ruling procedures for Department 20.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice
on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case
Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement
may result in sanctions. Case Management Statements may be filed by E-Delivery, by emailing
them to the following address:
EDelivery@alameda.courts.ca.gov. No fee is charged for this service. For further information,

go to **Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb.**

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 20.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 20 by e-mail at Dept.20@alameda.courts.ca.gov or by phone at (510) 267-6936.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  12/01/2010                          Executive Officer / Clerk of the Superior Court

By                 _Cheryl Clark_

                                                        Digital
                                            Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 12/02/2010.

By                 _Cheryl Clark_

                                                        Digital
                                            Deputy Clerk

Exhibit D

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| **The Association of Late-Deafened** | **No. RG10548765** |
| Plaintiff/Petitioner(s) | |
| VS. | **Minutes** |
| **Cinemark Holdings, Inc.** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department    20                                    Honorable    Robert B. Freedman    , Judge
Reporter       Kathy Lyons CSR#7230

Cause called for: Complex Determination Hearing on January 13, 2011.

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. The matter is assigned for all purposes including trial to Department 20 of the Alameda County Superior Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq.

Courtesy (bench) copies of all filings should be delivered directly to Dept. 20 and may be left in the drop box when court is in session. The Court may also direct that certain filings be supplemented by an electronic copy (via e-mail to Dept.20@alameda.courts.ca.gov or by CD-ROM lodged with the clerk in Dept. 20). Any such electronic copy of documents shall be in Microsoft Word readable form (Microsoft Word, Word Perfect, a TIF or JPEG file inserted into a Word file, or any other format that can be saved in a Microsoft Word document). Each separate document (notice, points and authorities, declarations, requests for judicial notice, et al) must be in a separate file in the diskette and the computer files must be identified in a fashion to permit accurate identification by Court personnel (e.g. "Notice.doc," "Points and Authorities.doc," "Li Declaration.doc," "Johnson Declaration.doc," and "Proof of Service.doc," NOT "Quashnot.doc," "briefdraft3.doc," "Defdecl.doc," "Decl2revised.doc," or "Form5.doc.") Electronic media submitted will not be returned.

Calendar information, filings, and tentative rulings are available to the public at
http://www.alameda.courts.ca.gov/domainweb/.

All motions and ex parte applications shall be noticed for hearing in Department 20. The parties shall reserve hearing dates and times by contacting the Department 20 courtroom clerk via email at Dept.20@alameda.courts.ca.gov. The courtroom clerk can also be contacted by phone at (510) 267-6936, but phone contact should be used very sparingly. E-mail is the preferred method of communication.

Case Management Statements may be filed by E-Delivery, by emailing them to the following address: EDelivery@alameda.courts.ca.gov. No fee is charged for this service. For further information, go to Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb.

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage. This is not a perfunctory exercise. The primary objective of the CCMC is to develop a comprehensive plan for a just, speedy and economical determination of the litigation.

The CCMC statements must address the following issues when applicable:

A. A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.

B. The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;

C. Deadlines and limits on joinder of parties and amended or additional pleadings;

D. Class discovery and class certification;

E. A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;

F. An identification of all potential evidentiary issues involving confidentiality or protected evidence;

G. A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

   (1) unserved parties and the reasons for the failure to serve;

   (2) unserved and/or unfiled cross-complaints;

   (3) related actions pending in any jurisdiction and the potential for coordination or consolidation;

   (4) any possible jurisdictional or venue issues that may arise;

   (5) the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

   (6) unresolved law and motion matters;

   (7) requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

   (8) severance of issues for trial; and

   (9) calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date.

H. Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda.

The order will be issued by the court.

Minutes of    01/13/2011
Entered on    01/13/2011

Executive Officer / Clerk of the Superior Court

By    _____

Deputy Clerk

M6476067

Exhibit E

Disability Rights Advocates
Attn: Knestrick, Kevin
2001 Center Street
3rd Floor
Berkeley, CA 94704____

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| The Association of Late-Deafened<br>Plaintiff/Petitioner(s)<br><br>VS.<br><br>Cinemark Holdings, Inc.<br>Defendant/Respondent(s)<br>(Abbreviated Title) | No. RG10548765<br><br>Order<br><br>Complaint - Civil Rights |
|---|---|

The Complex Determination Hearing was set for hearing on 01/13/2011 at 02:00 PM in Department 20 before the Honorable Robert B. Freedman. The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows: The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. The matter is assigned for all purposes including trial to Department 20 of the Alameda County Superior Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq.

Courtesy (bench) copies of all filings should be delivered directly to Dept. 20 and may be left in the drop box when court is in session. The Court may also direct that certain filings be supplemented by an electronic copy (via e-mail to Dept.20@alameda.courts.ca.gov or by CD-ROM lodged with the clerk in Dept. 20). Any such electronic copy of documents shall be in Microsoft Word readable form (Microsoft Word, Word Perfect, a TIF or JPEG file inserted into a Word file, or any other format that can be saved in a Microsoft Word document). Each separate document (notice, points and authorities, declarations, requests for judicial notice, et al) must be in a separate file in the diskette and the computer files must be identified in a fashion to permit accurate identification by Court personnel (e.g. "Notice.doc," "Points and Authorities.doc," "Li Declaration.doc," "Johnson Declaration.doc," and "Proof of Service.doc," NOT "Quashnot.doc," "briefdraft3.doc," "Defdecl.doc," "Decl2revised.doc," or "Form5.doc.") Electronic media submitted will not be returned.

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/.

All motions and ex parte applications shall be noticed for hearing in Department 20. The parties shall reserve hearing dates and times by contacting the Department 20 courtroom clerk via email at Dept.20@alameda.courts.ca.gov. The courtroom clerk can also be contacted by phone at (510) 267-6936, but phone contact should be used very sparingly. E-mail is the preferred method of communication.

Case Management Statements may be filed by E-Delivery, by emailing them to the following address: EDelivery@alameda.courts.ca.gov. No fee is charged for this service. For further information, go to Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb.

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage. This is not a perfunctory exercise. The primary objective of the CCMC is to develop a comprehensive plan for a just, speedy and economical determination of the litigation.

The CCMC statements must address the following issues when applicable:

A. A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.

B. The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;

C. Deadlines and limits on joinder of parties and amended or additional pleadings;

D. Class discovery and class certification;

E. A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;

F. An identification of all potential evidentiary issues involving confidentiality or protected evidence;

G. A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

    (1) unserved parties and the reasons for the failure to serve;

    (2) unserved and/or unfiled cross-complaints;

    (3) related actions pending in any jurisdiction and the potential for coordination or consolidation;

    (4) any possible jurisdictional or venue issues that may arise;

    (5) the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

    (6) unresolved law and motion matters;

    (7) requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

    (8) severance of issues for trial; and

    (9) calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date.

H. Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda.

Dated: 01/13/2011

                                              Judge Robert B. Freedman

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG10548765
Order After Hearing Re: of 01/13/2011

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, California.

Executed on 01/18/2011.

Executive Officer / Clerk of the Superior Court

By   *Miranda Edgerly*

Deputy Clerk

Exhibit F

Copy

1  HUNTON & WILLIAMS LLP
   LAURA M. FRANZE (SBN 250316)
2  550 South Hope Street, Suite 2000
   Los Angeles, California 90071-2627
3  Telephone: (213) 532-2000
   Facsimile: (213) 532-2020
4  lfranze@hunton.com

5  HUNTON & WILLIAMS LLP
   M. BRETT BURNS (SBN 256965)
6  575 Market Street, Suite 3700
   San Francisco, California 94105
7  Telephone: (415) 975-3700
   Facsimile: (415) 975-3701
8  mbrettburns@hunton.com

9  Attorneys for Defendants

ENDORSED
ALAMEDA FILED COUNTY

JAN 25 2011

CLERK OF THE SUPERIOR COURT
By Lanette Buffin, Deputy

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                      **FOR THE COUNTY OF ALAMEDA**

12

13  THE ASSOCIATION OF LATE-DEAFENED        CASE NO.: RG10548765
    ADULTS, INC., LINDA DRATTELL,
14  RICHARD RUTHERFORD, on behalf of         CLASS ACTION
    themselves and all others similarly situated,   COMPLEX LITIGATION
15
              Plaintiffs,                     Assigned For All Purposes to
16                                            Judge Robert B. Freedman
         v.
17                                            Dept.: 20

18  CINEMARK HOLDINGS, INC., a Delaware      **DEFENDANTS CINEMARK HOLDINGS,**
    corporation; ANTHONY TAN, ROCKY YIP,     **INC., ANTHONY TAN, ROCKY YIP, AND**
19  DALE GARVEY, and DOES 1 through 100,     **DALE GARVEY'S ANSWER TO**
                                             **PLAINTIFFS' FIRST AMENDED**
20            Defendants.                     **COMPLAINT**

21                                           Date Action Filed: November 30, 2010

22

23

24

25

26

27

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1    Defendants Cinemark Holdings, Inc., Anthony Tan, Rocky Yip, and Dale Garvey

2  (collectively "Defendants") hereby answer the First Amended Complaint ("FAC") filed by plaintiffs

3  Association of Late-Deafened Adults, Inc., Linda Drattell, and Richard Rutherford, on behalf of

4  themselves and all others similarly situated, as follows:

5                            **GENERAL DENIAL**

6    Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendants deny,

7  generally and specifically, each and every allegation in the FAC. Defendants further deny, generally

8  and specifically, that Plaintiffs, or any member of the putative class, the existence of such class

9  being expressly denied, have been injured in any sum therein alleged, and that Plaintiffs, or any

10  member of the putative class, are entitled to damages or any other relief whatsoever by reason of

11  any act or omission on the part of Defendants.

12    Without waiving or excusing the burden of proof of Plaintiffs, or admitting that Defendants

13  have any burden of proof, Defendants hereby assert the following affirmative defenses and other

14  matters:

15              **AFFIRMATIVE DEFENSES AND OTHER MATTERS**

16    1.     Plaintiffs' FAC is defective because it improperly names Cinemark Holdings, Inc.,

17  Anthony Tan, Rocky Yip, and Dale Garvey as Defendants.

18    2.     Plaintiffs' FAC, and each cause of action contained therein, fails to state facts

19  sufficient to constitute a claim upon which relief can be granted.

20    3.     Plaintiffs, or any member of the putative class, the existence of such class being

21  expressly denied, lack standing and/or capacity to assert some or all of the claims alleged in the

22  FAC.

23    4.     Plaintiffs' FAC, and each and every purported cause of action contained therein, is

24  not proper for treatment as a class action.

25    5.     Some of all of Plaintiffs' claims are barred because the various Cinemark subsidiaries

26  that own and/or operate the subject theatres at all times relied in good faith upon, and acted in

27  conformity with, implementing standards and guidelines of Title III of the Americans with

28

*Hunton & Williams LLP*
*550 South Hope Street, Suite 2000*
*Los Angeles, California 90071-2627*

1 Disabilities Act and applicable state law and regulations, pronouncements from federal and state

2 agencies, and state and local approvals. Accordingly, granting some or all of the relief sought by

3 Plaintiffs would violate due process under state and/or federal constitutions and public policy.

4      6.      The conduct of Defendants at all times complied with all applicable statutes,

5 regulations and laws; accordingly, the FAC and each purported claim for relief therein is barred.

6      7.      Some or all of Plaintiffs' claims are barred because the relief Plaintiffs request would,

7 if granted, fundamentally alter the nature of the goods or services provided by various Cinemark

8 subsidiaries that own and/or operate the subject theatres.

9      8.      Some or all of Plaintiffs' claims are barred because the relief Plaintiffs request would

10 unduly burden the various Cinemark subsidiaries that own and/or operate the subject theatres.

11      9.      Some or all of Plaintiffs' claims are barred because they are predicated on

12 unconstitutionally vague and/or overly broad interpretations of regulations or law; alternatively, the

13 applicable regulations or laws themselves are unconstitutionally vague and/or overly broad.

14      10.      Some or all of Plaintiffs' claims are barred because Defendants did not intentionally

15 impede or impair access or service to Plaintiffs, or any member of the putative class, the existence of

16 such class being expressly denied.

17      11.      Some or all of Plaintiffs' claims are barred because said claims are preempted by

18 federal and/or state law, including, but not limited to, the Americans with Disabilities Act, 42 U.S.C.

19 Section 12101, *et seq.*

20      12.      Some or all of the claims in the FAC are moot because Defendants are and/or have

21 been in compliance with the laws, statutes, and regulations identified in Plaintiffs' FAC.

22      13.      Due process, fair notice, and principles of equity require that any relief granted

23 should be applied prospectively only.

24      14.      To the extent Plaintiffs seek equitable relief, Plaintiffs' inequitable conduct

25 constitutes unclean hands and therefore bars the granting of relief to Plaintiffs.

26      15.      Some or all of Plaintiffs' claims are barred by the doctrines of waiver, equitable

27 estoppel, and/or laches.

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

2

1 16. Plaintiffs' claim is barred, in whole or in part, to the extent that Plaintiffs, or any

2 member of the putative class, the existence of such class being expressly denied, failed to mitigate

3 their damages, if any.

4 17. Plaintiffs, or any member of the putative class, the existence of such class being

5 expressly denied, are not entitled to damages under the California Disabled Persons Act because

6 they have failed to allege any facts sufficient to show that they suffered a denial of the rights to full

7 and equal access.

8 18. Some or all of Plaintiffs' claims are barred by the applicable statute(s) of limitations,

9 including, but not limited to, the statute of limitations applicable to claims under the Americans'

10 with Disabilities Act, the California Disabled Persons Act, the Unruh Civil Rights Act, the Federal

11 Rules of Civil Procedure, and the California Code of Civil Procedure.

12 19. Plaintiffs have failed to allege facts sufficient to entitle Plaintiffs to recover damages

13 under the Unruh Civil Rights Act, California Disabled Persons Act, attorneys' fees, or injunctive

14 relief against Defendants. Defendants' actions, with respect to the subject matter of this lawsuit,

15 were undertaken in good faith, with the absence of malicious intent, and constituted a privileged,

16 lawful, proper, and justified means to further the sole purpose of Defendants to engage and continue

17 its business.

18        **ADDITIONAL AFFIRMATIVE DEFENSES**

19 Defendants hereby give notice that it intends to rely upon any other defense or defenses that

20 may become available or appear during the pre-trial proceedings in this case, and hereby reserves the

21 right to amend its Answer to assert any such defense.

22            **PRAYER**

23 WHEREFORE, Defendants pray for judgment as follows:

24 1. That all relief requested in the FAC be denied;

25 2. That Plaintiffs, or any member of the putative class, the existence of such class being

26    expressly denied, take nothing by this action;

27 3. That Defendants be awarded the costs of suit incurred herein;

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

3

1    4.    That Defendants be awarded its attorneys' fees according to proof; and

2    5.    That the Court award Defendants such other and further relief as the Court may deem

3          proper.

4    DATED: January 25, 2011                      HUNTON & WILLIAMS LLP

5

6                                          By:   Laura M. Franmye

7                                                LAURA M. FRANZE
                                                M. BRETT BURNS
8                                                Attorneys for Defendants
                                                CINEMARK HOLDINGS, INC., *et al.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

4

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

3

4      I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to this action. My business address is 575 Market Street, Suite 3700, San Francisco, California 94105.

5

6      On **January 25, 2011,** I served the foregoing document(s) described as **DEFENDANTS CINEMARK HOLDINGS, INC., ANTHONY TAN, ROCKY YIP, AND DALE GARVEY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT,** on the interested parties in this action:

7

8

9              SID WOLINSKY
              KEVIN KNESTRICK
10             Disability Rights Advocates
              2001 Center Street, Fourth Floor
11             Berkeley, California 94704-1204

12             LAW OFFICE OF JOHN F. WALDO
              151 Finch Pl. SW Ste. C
13             Bainbridge Island, WA 98110

14      *Counsel for Plaintiffs*

15

16  ☐   **By FAX:** by causing a true copy thereof to be sent via facsimile to the attorney(s) of record at the telecopier number(s) so indicated above and that the transmission was reported as completed and without error.

17

18  ☒   **By MAIL:** by placing true and correct copy(ies) thereof in an envelope addressed to the attorney(s) of record, addressed as stated above.

19

20  ☐   **By PERSONAL SERVICE:** I delivered the envelope by hand on the addressee, addressed as stated above.

21  ☐   **By FEDERAL EXPRESS:** by causing same to be delivered via Federal Express to the addressee(s).

22

23      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24      Executed on **January 25, 2011**, San Francisco, California.

25

26

27                              Katherina V. Guido

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Exhibit G

Case Summary

RG10543765

The Association of Late-Deafened VS Cinemark Holdings, Inc

## Register of Actions

General
Information

Parties

Attorneys

Register
of Actions

Future
Hearings

Minutes

Rulings &
CMC Orders

Tentative
Rulings

Judgments

Related
Cases

| Date | Action | Image (Java) | Image (TIFF) |
|---|---|---|---|
| 11/30/10 | Complaint - Civil Rights Filed | 🗎 | 🗎 |
| 11/30/10 | Civil Case Cover Sheet Filed for The Association of Late-Deafened Adults, Inc. | 🗎 | 🗎 |
| 11/30/10 | Complex Designation Requested | | |
| 11/30/10 | Summons on Complaint Issued and Filed | 🗎 | 🗎 |
| 12/01/10 | Complex Determination Hearing 01/13/2011 02:00 PM D- 20 | | |
| 12/01/10 | Case Management Conference 02/18/2011 11:00 AM D- 20 | 🗎 | 🗎 |
| 12/20/10 | Motion for Pro Hac Vice Reservation Set for dept: 20 date: 01/21/2011 time: 02:00 PM | | |
| 12/22/10 | First Amended Complaint Filed | 🗎 | 🗎 |
| 12/22/10 | Summons Issued and Filed | 🗎 | 🗎 |
| 01/13/11 | Complex Determination Hearing Commenced and Completed | 🗎 | 🗎 |
| 01/13/11 | Motion Granted | 🗎 | 🗎 |

Exhibit H

JS 44 (Rev. 12/07) (CAND Rev 1/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Linda Drattell, Richard Rutherford, on behalf of themselves and all others similarly situated, and Association of Late-Deafened Adults, Inc.,

### DEFENDANTS

Cinemark Holdings, Inc., Anthony Tan, Rocky Yip, Dale Garvey, and Does 1-100

**(b)** County of Residence of First Listed Plaintiff **Alameda**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Collin County, Texas**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Sid Wolinsky, Kevin Knestrick, Disability Rights Advocates, 2001 Center St., 4th Floor, Berkeley, CA 94704-1204, 510-665-8644
Law Office of John F. Waldo, 151 Finch Pl. SW Ste. C, Bainbridge Island, WA 98110, 206-842-4106

Attorneys (If Known)

Laura Franze, Hunton & Williams LLP, 550 South Hope Street, Suite 2000 Los Angeles, CA 90071-2627, 213-532-2000
M. Brett Burns, Hunton & Williams LLP, 575 Market Street, Suite 3700, San Francisco, CA 94105, 415-975-3700

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☒ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332(d); 28 U.S.C. § 1441(b); 42 U.S.C. § 12101, et seq.

Brief description of cause:
Class action alleging accessibility violations under Americans with Disabilities Act, Cal. Unruh Act, Disabled Persons Act

## VII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 40,000,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND     ☐ SAN JOSE     ☐ EUREKA

DATE
1-25-2011

SIGNATURE OF ATTORNEY OF RECORD
Laura M. Franze MBB